# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHEGG, INC. <br><br> *Plaintiff*, <br><br> v. <br><br> GOOGLE LLC and ALPHABET INC., <br><br> *Defendants*. | Case No. 1:25-cv-00543-APM |

## REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants Google LLC and Alphabet Inc. (collectively, "Google") request that this Court take judicial notice, under Federal Rule of Evidence 201, of the following documents as it considers Google's contemporaneously filed Motion to Dismiss:

1. Plaintiff Chegg Inc's 2024 Form 10-K, filed with the SEC on February 24, 2025, available at https://investor.chegg.com/Sec-Filings/default.aspx (direct link: https://d18rn0p25nwr6d.cloudfront.net/CIK-0001364954/7d1598af-6f3a-4358-8cf1-23a2a5afb4c7.pdf). A true and correct copy is attached hereto as **Exhibit 1**.

2. *Get Homework Help with Chegg Study*, CHEGG, https://www.chegg.com/study (last visited May 5, 2025). A true and correct copy is attached hereto as **Exhibit 2**.

3. *Flashcards*, Quizlet, https://quizlet.com/features/flashcards (last visited May 5, 2025). A true and correct copy is attached hereto as **Exhibit 3**.

The documents appended hereto may be judicially noticed because they are not the subject of reasonable dispute and were obtained from "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Exhibit 1—an SEC filing—is judicially noticeable because it is a matter of public record. *See DiLorenzo v. Norton*, 2009 WL 2381327, at *2 n.7 (D.D.C. July 31, 2009) ("[SEC filings] are properly the subject of judicial notice."); *Middleton v. Pratt*, No. 2022 WL 3910551, at *8 (D.D.C.

Aug. 31, 2022) (reviewing SEC filings on a motion to dismiss); *see also Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1222 (D.C. Cir. 1993) ("The district court may, however, examine matters of public record in ruling on a Rule 12(b)(6) motion.").

Exhibits 2 and 3—websites—are judicially noticeable, as a court may take judicial notice of websites that "are publicly accessible" and "there is no dispute as to [their] authenticity." *Steinarsdottir v. Tripscout, Inc.*, 2024 WL 1532587, at *4 n.1 (D.D.C. Apr. 9, 2024) (citation omitted).  S*ee Lakes v. Ubisoft, Inc.*, 2025 WL 1036639, at *3 (N.D. Cal. Apr. 2, 2025) ("'[A]s a general matter, websites and their contents may be proper subjects for judicial notice' provided that the party submits a copy of the relevant webpage to the court." (citation omitted)).

For the foregoing reasons, Google respectfully requests that this Court take judicial notice of the documents specified above.

Dated: May 5, 2025                                          Respectfully submitted,

By:  /s/ Sonal N. Mehta
Sonal N. Mehta*
Chris Johnstone*
WILMER CUTLER PICKERING HALE
AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA  94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
sonal.mehta@wilmerhale.com
chris.johnstone@wilmerhale.com
*Admitted Pro Hac Vice*

David Gringer (Bar No. 1001200)
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
david.gringer@wilmerhale.com

*Counsel for Defendants Google LLC & Alphabet Inc.*

3